IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUCAS MICHAEL FOSTER,          )
                               )
            Petitioner,        )
                               )
      v.                       )     1:16CV523
                               )
MIKE SLAGLE,                   )
                               )
            Respondent.        )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lucas Michael Foster, a prisoner of the State of North Carolina, has brought a Petition [Doc. #1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent opposes the Petition and filed a Motion to Dismiss [Doc. #4] on timeliness grounds. For the reasons set out below, the Court recommends that Respondent's Motion to Dismiss be granted.

According to the Petition and its attachments, on December 9, 1998, in the Superior Court of Rockingham County, North Carolina, Petitioner pled guilty to second degree murder, armed robbery, conspiracy to commit armed robbery, possession of a dangerous weapon by a convicted felon, and possession of a dangerous weapon in jail. Petitioner was sentenced to consecutive terms of imprisonment of 220-273 months for the second degree murder conviction, 103-133 months for the armed robbery conviction, 34-50 months for the conspiracy to commit armed robbery conviction, 10-12 months for the possession of a dangerous weapon by a convicted felon conviction, and 10-12 months for the possession of a

dangerous weapon in jail conviction [Doc. #1 at 53-57]. Petitioner did not file a direct appeal. Over 16 years later, on July 14, 2015, Petitioner filed a *pro se* Motion for Appropriate Relief in the Rockingham County Superior Court [Doc. #1 at 27-49] which was summarily denied on July 16, 2015 [Doc. #1 at 61]. Petitioner then filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals [Doc. #1 at 62-71], which was denied on January 28, 2016 [Doc. #1 at 75].

Petitioner then filed his federal habeas Petition. He signed and dated his Petition on April 21, 2016, which the Court filed on May 16, 2016. After being ordered to answer, Respondent filed its Motion to Dismiss [Doc. #4] on timeliness grounds. Petitioner filed a Response [Doc. #7], and the matter is now before the Court on Respondent's Motion to Dismiss.

## Petitioner's Claims

Petitioner argues that his "convictions and sentences were obtained unlawfully and in violation of the fifth, sixth, eighth and fourteenth Amendments to the United States constitution" [Doc. #1 at 4]. Petitioner raises two specific claims in his Petition. First, Petitioner claims that his trial attorneys and the trial court overstated the length of the possible maximum sentence had he elected to go to trial by stating that Petitioner faced a possible 866-month term of imprisonment, when in fact Petitioner only faced a 666-month possible maximum sentence [Doc. #1 at 6]. Second, Petitioner claims that his trial counsel rendered ineffective assistance by failing to properly object to Petitioner's convictions and the imposition of consecutive sentences for second degree murder (220-273 months) and the

predicate offense of robbery with a dangerous weapon (103-133 months). Specifically, Petitioner argues that the two separate convictions and the imposition of consecutive sentences for both offenses violated the constitutional proscription against double jeopardy, and that his counsel's failure to object on those grounds fell below an objective standard of reasonableness [Doc. #1 at 7].

Respondent's Motion to Dismiss

Respondent moves to dismiss on the ground that Petitioner filed his Petition outside of the one-year limitation period set out in 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); <u>see also</u> <u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008).

In his Response to the State's Motion to Dismiss, Petitioner appears to argue that his Petition is timely under subparagraph (A) of § 2244(d)(1) because he filed his Petition with this Court within one year of the denial of his state post-conviction relief becoming final [Doc. #7 at 2]. Petitioner notes that he moved for state post-conviction relief on July 14, 2015, and the denial of state post-conviction remedies became final on January 28, 2016, when the North Carolina Court of Appeals denied his Petition for Certiorari. Petitioner argues that his Petition to this Court was filed within one year of his judgment becoming final by the conclusion of state post-conviction review, based on the January 28, 2016 denial of review of his Motion for Appropriate Relief. However, in making this argument, Petitioner has misread 28 U.S.C. § 2244(d)(1)(A), which dictates that the one-year limitations period begins upon the judgment becoming final "by the conclusion of *direct review or the expiration of the time for seeking such review.*" 28 U.S.C. § 2244(d)(1)(A) (emphasis added). If a state prisoner does not seek direct review of his state court judgment, the expiration date for filing an appeal is determined by reference to state law. See Gonzalez v. Thaler, 565 U.S. 134, 151 (2012). In the instant case, Petitioner was convicted on December 9, 1998, in the Rockingham County Superior Court. Petitioner did not seek direct review of his case, meaning that his conviction became final on December 21, 1998, ten business days after the entry of the judgment. N.C. R. App. P. 4(a) (1998) (then providing ten days to serve notice of appeal for criminal convictions).[1] The instant Petition clearly was not filed within one year of Petitioner's state conviction

---

[1] This was amended, effective October 2001, to allow fourteen days to serve notice of appeal. See Parker v. Anderson, No. 1:09CV30, 2009 WL 536873, at *2 (M.D.N.C. Mar. 3, 2009).

becoming final by the conclusion of the time for seeking direct review. Section 2244(d)(2) provides that a properly-filed application for state post-conviction relief tolls the one-year limitations period while that petition for state post-conviction relief is pending; however, filing for such post-conviction relief does not restart the one-year limitations period. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Thus, Petitioner's claim is not timely under § 2244(d)(1)(A).

Petitioner also argues that his claim is timely, apparently under § 2244(d)(1)(B) or (D), because he was "declined representation" by North Carolina Prisoner Legal Services and was not provided access to a law library. Section 2244(d)(1)(B) applies if the Petitioner was prevented from filing by state action in violation of the Constitution or laws of the United States, and in that case the statute of limitations begins to run after the state-created impediment is removed. However, Petitioner has not alleged state action in violation of the Constitution or laws of the United States that prevented him from filing a Petition. Indeed, at the time of Petitioner's convictions, North Carolina provided legal services to prisoners through Prisoner Legal Services, including review and assistance with state and federal post-conviction petitions, and representation in meritorious cases. See Johnson v. Beck, No. 1:08CV336, 2008 WL 3413303, at *4 (M.D.N.C. Aug. 8, 2008). This arrangement did not prevent Petitioner from filing his Petition, nor is there a specific date on which this alleged impediment was removed. Indeed, Petitioner was able to file his Motion for Appropriate Relief and Petition for Writ of Certiorari in state court notwithstanding the alleged lack of a law library and decision of Prisoner Legal Services to decline representation in his case.

6

Therefore, 2244(d)(1)(B) would not apply. See also Rayo v. Perry, No. 1:14CV326, 2015 WL 519614, at *6 (M.D.N.C. Feb. 9, 2015); Rhew v. Beck, 349 F. Supp. 2d 975, 978 (M.D.N.C. 2004).

To the extent that Petitioner also cites to § 2244(b)(1)(D), that provision allows the one-year statute of limitation to begin running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Under this provision, the limitations period begins to run when the petitioner knows – or should have known with the exercise of diligence – the important facts, not when the petitioner recognizes their legal significance. Hasan v. Galaza, 254 F.3d 1150, 1154-55 & n.3 (9th Cir. 2001); Smith v. Pinion, No. 1:10CV29, 2013 WL 3897766, at *6 (M.D.N.C. July 29, 2013). In the instant case, Petitioner has had actual knowledge of the facts forming the basis of his appeal since the time of his December 9, 1998 guilty plea. There is nothing in the record to suggest otherwise, and there is no basis to conclude that Petitioner was unaware of his sentence or of his attorneys' failure to object during sentencing. Thus, to the extent that Petitioner claims relief from the one-year statute of limitations under § 2244(d)(1)(D), his arguments have no merit.[2]

Finally, Petitioner raises multiple arguments asking the Court to excuse his failure to comply with the statute of limitations because he contends that he lacked sufficient legal

---

[2] The Court notes that Petitioner does not contend that subparagraph (C) of § 2244(d)(1) applies in this case, and there is no contention or indication that Petitioner's claims are based on a newly-recognized constitutional right. Therefore, the Court does not consider subparagraph (C).

knowledge—either to file his petition, or to know that his time for doing so was statutorily limited. Equitable tolling is available in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). The Supreme Court has further held that equitable tolling is appropriate when the movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented filing." Holland v. Florida, 560 U.S. 631, 649 (2010). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." Sosa, 364 F.3d at 512 (citing similar holdings from the First, Fifth, Eighth, and Tenth Circuits); see also Castillo v. Perritt, 142 F. Supp. 3d 415, 418 (M.D.N.C. 2015). In other words, ignorance of Habeas Corpus law "is neither extraordinary nor a circumstance external to [a petitioner's] control." Sosa, 364 F.3d at 512. For that reason, this Court rejects Petitioner's argument that his lack of legal knowledge in any way excuses the sixteen-year delay between the date that his state convictions became final and his filing of the instant Petition.

In a related argument, Petitioner claims that his Petition is not time barred because he was unaware of his right to file a direct appeal in state court and neither his trial attorneys nor the state trial court advised him of that right. This argument fails for multiple reasons. First, as a general matter, a petitioner's misunderstanding of proper procedures under state law does not warrant equitable tolling. Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004).

Moreover, Petitioner has failed to explain how that alleged failure in 1998 prevented him from filing his federal habeas corpus petition until 2016. See Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002); Baker v. Wilson, No. 5:06CV1547, 2009 WL 313325, at *7-9, *13 (N. D. Ohio Feb. 6, 2009); Stimel v. Dretke, No. V-05-108, 2006 WL 2770025, at *5 (S.D. Tex. Sept. 22, 2006). Petitioner has not shown extraordinary circumstances or diligent efforts to pursue his rights, and in the circumstances Petitioner has not presented a sufficient basis to warrant the application of equitable tolling in this case.

For all of these reasons, the Court concludes that the Petition is untimely under 28 U.S.C. 2244(d)(1), and there is no basis for equitable tolling in the circumstances presented here.[3]

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #4] be GRANTED, that the Petition [Doc. #1] be DISMISSED, and that this action be dismissed.

This, the 22nd day of May, 2017.

                                                     /s/ Joi Elizabeth Peake
                                                  United States Magistrate Judge

---

[3] The Court also notes that Petitioner's claims appear to be without merit on their face. Although Petitioner contends that he was misadvised as to the maximum possible sentences he faced, it appears that the maximum possible sentences under state law were properly set out as required by North Carolina General Statute § 15A-1022, and the fact that Petitioner actually received lower sentences below the statutory maximums would not render the maximum calculations incorrect. In addition, Petitioner contends that he should not have been convicted of both second degree murder and armed robbery, apparently based on his contention that a conviction for felony murder should not include an additional sentence for the underlying felony. However, Petitioner's second degree murder conviction was not a felony murder conviction and thus did not rely on the armed robbery as a predicate. In any event, the Court need not consider Petitioner's claims further, since they are time-barred as set out above.